IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY JAMES JACKSON,<br>#128 248, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CIVIL ACTION NO.: 2:13-CV-111-WHA<br>) [WO] |
| CARTER DAVENPORT, WARDEN,<br>*et al.*, | )<br>)<br>) |
| Respondents. | )<br>) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on February 14, 2013.[1]  In the amended petition pending before the court, Petitioner challenges his conviction for felony murder entered against him by the Circuit Court for Montgomery County, Alabama, on August 15, 2006.[2]  The trial court sentenced Petitioner on September 28, 2006, to life imprisonment without the possibility of parole**.**  On March 9, 2007, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction. The appellate court denied Petitioner's application for rehearing on March 30, 2007. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on June 15, 2007. The Alabama Court of Criminal Appeals then issued a certificate of judgment on June 18, 2007.  *Doc. Nos. 6, 17, Exhs. A-F.*

---

[1] Although the present petition was stamped "filed" in this court on February 20, 2013, the petition was signed by Petitioner on February 14, 2013.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Jackson] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers February 14, 2013 as the date of filing.

[2] In accordance with the prior proceedings and orders of the court, the instant action is proceeding on the amended petition filed by Petitioner on March 13, 2013. *See Doc. Nos. 5, 6.*

Pursuant to the orders of this court, Respondents filed an answer and supplemental answers where they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).  Respondents contend that because Petitioner's conviction became final in 2007–after the effective date of the statute of limitations–he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Petitioner filed a Rule 32 petition, *Alabama Rules of Criminal Procedure*, with the trial court on June 10, 2008.  They maintain that even allowing a tolling of the limitation period during the pendency of the Rule 32 proceedings, the limitation period expired prior to Petitioner filing the present federal habeas petition. *Doc. No. 17* at 16-18.  *See  Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335 n.4 (11th Cir. 2001).

Based on Respondents' answer, as supplemented, the court entered an order advising Petitioner he had not filed his federal habeas petition in the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Doc. No. 32*.  The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court.  *Id*. Petitioner filed responses. *See Doc. Nos. 24, 28, 34, 41, 42*. On review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

*A.  Actual Innocence- Independent Claim*

Petitioner argues he is entitled to federal habeas relief because he is actually innocent of his convictions and should not have received the sentence he did. *Doc. No. 6*. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, Petitioner is entitled to no relief on his independent claim of actual innocence.

*B.  Actual Innocence - Gateway to Excuse Time Bar*

This court must determine whether Petitioner has made a showing of actual innocence before addressing Respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations.  *See McQuiggin v. Perkins*, ___ U.S. ____, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."); *Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008);  *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must

demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998).   "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley,* 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.   Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324.

To support his claim he is actually innocent of his conviction and his innocence serves as a "gateway" through which this court may consider his claims otherwise barred by the one-year limitation period, Petitioner claims there was an eyewitness at the scene of the crime–Ms. Audra Hardin–and had trial counsel called her to testify he would not have been convicted of felony murder through the "perjured and fabricated testimony" of state witnesses. Petitioner claims that Ms. Hardin gave a transcribed statement to one Corporal S.L. Rucker indicating she was present

at the scene where Petitioner committed his crime as she was "coming from class at Auburn University of Montgomery, Alabama, she could see the driver's side door of the victim's truck, and she did not see anyone standing on the side of the truck prior to the truck leaving the on ramp and subsequently running into a light pole. *Doc. No. 24 at 7-9*. Petitioner further asserts Ms. Hardin's testimony would have confirmed that he was not at the scene, he was not armed with a pistol, he did not break the driver's side window of the victim's truck, he was not fighting with the victim, he did not attempt to rob the victim, and he did not rob the victim.[3] *Doc. No. 34 at 5-9*. Petitioner maintains that Ms. Hardin's "reliable eyewitness account" is new evidence which was not presented at trial as a result of trial counsel's failure to subpoena and call her (Ms. Hardin) as a witness.[4] *Doc. Nos. 6, 24, 34, 42*.

Here, the claimed failure of Petitioner's trial counsel to present testimony from a witness known at the time of trial is not new evidence. Although the Eleventh Circuit has not directly decided whether evidence available at trial but simply not presented should be considered "new" under *Schlup*, *see Rozzelle*, 672 F.3d at 1018 n.21 (declining to reach issue but discussing decisions from other circuits, some holding that evidence is not "new" under *Schlup* if it was available at trial but petitioner chose not to present it to the jury, others holding that evidence is "new" under *Schlup* if it was not presented at trial), Petitioner's contention of known-but-not-presented evidence amounts to only his own self-serving, unsupported, conclusory claim he is actually innocent of the crime for which he was convicted. The jury, which convicted Petitioner

---

[3] If, as Petitioner contends, the purported witness would have testified that he was not at the scene of the crime, it seems there would be no basis on which the additional proposed testimony he attributes to her could or would have been elicited. The record does reflect that two non-law enforcement individuals (Michael Hand and Russell Cottney) who were at the scene at or near the time the incident occurred did testify at Petitioner's trial. *Doc. No. 17, Exh. A, Vol. 2.*

[4] The record reflects that  Audra Hardin and Officer S.L. Rutger were noted by the trial court as being potential witnesses at trial.  They, like several other potential trial witnesses listed by the trial court during voir dire, were not called to testify.  *Doc. No. 17, Exh. A, Vol. 1-2.*

of felony murder, heard testimony from several witnesses who identified him as being at the crime scene. *See Doc. No. 17, Exh. A, Vols. 1-3.* His argument, which attempts to assert a challenge to the State's failure to prove the essential elements of the offense for which he was convicted, merely goes to the sufficiency of the evidence presented at trial, issues decided adversely to Petitioner by a jury, and fails to establish Petitioner's actual innocence of felony murder. *See Bousley*, 523 U.S. at 622.

Petitioner's self-serving assertion regarding the alleged testimony of an uncalled witness is not "new reliable evidence" of his actual innocence nor has he demonstrated that any such evidence exists to establish his actual innocence to meet the standard set forth by *Schlup*. Because Petitioner has not demonstrated his actual innocence, the court finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

*C.  The Federal Period of Limitation*

Federal habeas corpus petitions filed under 28 U.S.C. § 2244(d) are subject to a one-year period of limitation.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.   Petitioner was convicted of felony murder in the Circuit Court for Montgomery County, Alabama, on August 15, 2006.   Petitioner filed a direct appeal.   The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on March 9, 2007 and denied his application for rehearing on March 30, 2007.   The Alabama Supreme Court denied Petitioner's petition for writ of certiorari June 15, 2007, and the Alabama Court of Criminal Appeals issued a certificate of judgment on June 18, 2007. *Doc. No. 17, Exhs. A-F.*

By operation of law, Petitioner's 2006 conviction for felony murder became final on September 17, 2007 -- ninety days after the Alabama Court of Criminal Appeals entered its certificate of judgment -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court.   *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' see 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).   Thus, the one-year limitation period in section 2244(d)(1)(A) began to run on this date.

*i. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 266 days or eight months and 23 days after Petitioner's conviction became final until Petitioner filed a Rule 32 petition in the trial court on June 10, 2008. The trial court summarily dismissed the petition by order dated August 13, 2008. The order was filed with the circuit court clerk on August 22, 2008. Petitioner filed no timely appeal from the denial.  Because no appeal was filed, the federal limitation period began to run again 42 days after the trial court's order was docketed an filed – *i.e.*, on October 4, 2008 – the time in which Petitioner had to timely appeal from the denial of the Rule 32 petition.  *See* Ala.R.App.P. 4(b).  At that time, ninety-nine days of the limitation period remained.

On October 14, 2008, Petitioner sent a letter to the Circuit Court for Montgomery County asking about the status of his Rule 32 petition. Petitioner's October 14 letter was returned to him with a notation dated October 16, 2008, that his post-conviction petition had been dismissed on August 22, 2008. Petitioner then filed a petition for a writ of mandamus with the Alabama Court of Criminal Appeals.  On November 21, 2008, the appellate court denied the petition and informed Petitioner the remedy for failing to appeal due to no fault his own was to file a Rule 32 petition. *Doc. No. 17, Exh. G.*

Petitioner filed a Rule 32 petition on December 19, 2008, asking he be granted leave to file a belated appeal from the denial of his Rule 32 petition. Before this filing, Petitioner's initial Rule 32 proceedings stopped tolling the AEDPA limitations period when the proceedings ceased to be pending, which happened on October 4, 2008, or the last day he could have appealed the

trial court's decision. During this 75 days where nothing was pending, the limitation period ran for that additional period of time until Petitioner filed a Rule 32 petition in the trial court on December 19, 2008, asking for leave to file an out-of-time appeal. *See McMillan v. Secretary for Department of Corrections*, 257 F. App'x 249, 250 (11th Cir.2007) ("[w]e reject the argument that a state post-conviction motion remains 'pending' after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out of time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal."); *see also Hancock v. Estes*, 2014 WL 3898085, at *5 (S.D. Ala. Aug. 11, 2014) (*citing Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Eleventh Circuit precedent is clear that motions for a belated state court appeal filed outside of the AEDPA limitations period, even if ultimately granted, do not serve to revive an expired AEDPA limitations period."). On January 9, 2009, the trial court granted Petitioner leave to file an out-of-time appeal.  On July 24, 2009, the Alabama Court of Criminal Appeals affirmed the lower court's denial of Petitioner's post-conviction petition. The appellate court overruled Petitioner's application for rehearing on August 21, 2009. The Alabama Supreme Court entered a certificate of judgment noting its denial of Petitioner's petition for writ of certiorari on November 13, 2009. The Alabama Court of Criminal Appeals issued a certificate of judgment the same day indicating finality of judgment on Petitioner's appeal of his Rule 32 petition. *Doc. No. 17, Exhs. G-K, Doc. No. 23, Exhs. L-M*.  At the time, Petitioner had twenty-four (24) days of the AEDPA limitation period remaining. Thus, the court finds that the limitation period for Petitioner to file a timely federal habeas petition expired on December 8, 2009.

*ii. Equitable Tolling*

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).  The diligence required is "reasonable diligence," not "maximum feasible diligence," *see Holland*, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient.");  *Jones v. United States*, 304 F.3d

1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286

(11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly

rests with the petitioner."  *Id.*; *see Helton v. Secretary  for the Dept. of Corrections*, 259 F.3d

1310, 1313-1314 (11th Cir. 2001).

 The court granted Petitioner an opportunity to show cause why his federal habeas petition

should not be denied as it was not filed within the one-year limitation period prescribed by 28

U.S.C. § 2244(d). *See Doc. No. 32.* In his response, Petitioner states he did not receive notice

from the Alabama Supreme Court it denied  his petition for writ of certiorari on November 13,

2009. *Doc. No. 34.*  Respondents acknowledge that Petitioner may not have received a copy of

the Supreme Court's November 13, 2009, certificate of judgment denying his request for

certiorari review because the Court used a wrong inmate AIS number when mailing Petitioner's

copy of its decision.  *Doc. Nos. 23, 26.* Petitioner sent a letter to the Alabama Supreme Court on

January 15, 2012, followed by a motion for order compelling answer to this request on February

25, 2012, asking about the status of his request for certiorari review.[5] *Doc. No. 34.* Although the

Court replied to Petitioner's letter and motion, because it had a wrong inmate AIS number

associated with Petitioner, it seems likely he did not receive the replies sent by the Court. *Doc.*

*No. 26, Esdale Affidavit.*  Despite that Petitioner may not have received the Alabama Supreme

Court's decision denying his petition for certiorari review, the record reflects that the Alabama

Court of Criminal Appeals entered a certificate of judgment on November 13, 2009, upon entry

of the Alabama Supreme Court's decision denying Petitioner's certiorari petition and mailed a

copy to Petitioner. *Doc. No. 23, Mitchell Affidavit, Exh. 1; see also Doc. No. 6* at 6. The

appellate court's certificate of judgment was notice of the finality of judgment regarding

---

[5] Petitioner waited over two years after he filed his petition for writ of certiorari in the Alabama Supreme
Court on September 4, 2009, before he inquired with the Court about its status.  *Doc. No. 23, Exh. L.*

Petitioner's appeal of his Rule 32 petition. *See Ex parte Tiongson*, 765 So.2d 643, 643 (Ala. 2000) (quoting *Jackson v. State*, 566 So.2d 758, 759 n. 2 (Ala.1990), and citing Rule 41, Ala.R.App.P.) (a " 'judgment of [a Court of Appeals] is not a final judgment until that court issues a certificate of judgment, and an application for rehearing in that court and a petition in [the supreme court] for writ of certiorari stay the issuance of that certificate.' " ). The Alabama Court of Criminal Appeals' certificate of judgment was mailed to Petitioner's correct address and used his correct AIS number. *Doc. No. 23, Mitchell Affidavit, Exh. 1*. The pleadings, documents, and records before the court reflect that Petitioner received a copy of the appellate court's certificate of judgment which gave him notice that the appeal proceeding regarding his Rule 32 petition was final. *Doc. No. 23, Exh. M; see also Doc. No. 6* at 6. The court, therefore, concludes that the time allowed Petitioner for filing a federal habeas petition expired on December 5, 2009. Petitioner filed his federal habeas application on February 14, 2013 - over three years after the limitation period had expired. Because the limitation period in § 2244(d) expired on December 5, 2009, Petitioner's habeas application is untimely.

Even if this court were to find Petitioner is entitled to tolling of all time between the June 10, 2008, filing of his first Rule 32 petition, and the Alabama Court of Criminal Appeals' November 13, 2009, issuance of a certificate of judgment in the appellate proceedings that ensued after Petitioner was granted an out-of-time appeal from the denial of the first Rule 32 petition, Petitioner's § 2254 petition would be untimely. Assuming Petitioner had ninety-nine (99) days remaining in which to file a timely § 2254 petition when the state court issued the certificate of judgment on November 13, 2009, he had to file his § 2254 petition by February 21, 2010, to be timely under § 2244(d). He filed his § 2254 petition on February 14, 2013−1,089

days, or two years, eleven months, and 24 days after February 21, 2010.  Thus, even if Petitioner is allowed extensive tolling, his § 2254 petition is untimely.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Jeffery Jackson be DENIED as it was not filed within the period of limitation established by applicable federal law;

2.  This case be DISMISSED with prejudice.

It is ORDERED that all pending motions are DENIED.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties.  The parties may file any objections to this Recommendation on or before **December 28, 2015**.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of December 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE